UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONJIA SIMPSON-GARDNER,
et al.,
     Plaintiffs,

                                              CASE NO. 17-CV-10636
v.                                  HON. GEORGE CARAM STEEH

CITY OF SOUTHFIELD, et al.

     Defendants.
_____/

## ORDER OF DISMISSAL

*Pro se* plaintiffs Sonjia Simpson-Gardner and her minor child have brought this action against 26 defendants, most of whom are not state actors, pursuant to 42 U.S.C. § 1983. Plaintiff originally filed a motion to proceed *in forma pauperis* without paying the filing fee. After filing her request to proceed *in forma pauperis*, however, plaintiff paid the filing fee and filed a request to withdraw her *in forma pauperis* petition. (Doc. 7). Accordingly, the court does not screen the case for frivolousness pursuant to 28 U.S.C. § 1915(e)(2). However, the court shall sua sponte dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

The court may sua sponte dismiss a complaint for lack of subject matter jurisdiction, without affording the plaintiff an opportunity to amend, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Hassink v. Mottl*, 47 F. App'x 753, 754 (6th Cir. 2002) (quoting *Apple v. Glenn,* 183 F.3d 477, 479) (6th Cir. 1999)). Because plaintiff's complaint is totally implausible, dismissal under Rule 12(b)(1) is warranted.

Plaintiff has sued 26 defendants, 23 of whom are private parties, under § 1983. Section 1983 requires state action in order for a claim to be cognizable. Specifically, a § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (a plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct). Defendants 3 through 26 are private actors. Accordingly, they cannot be sued under § 1983, and this court lacks subject matter jurisdiction over those defendants.

Plaintiff has also named the Southfield Police Department as a defendant. A police department is merely a creature of the city and cannot be sued under § 1983. The Police Department is not amenable to suit because "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Glenn v. Walker*, 65 F. App'x 53, 54 (6th Cir. 2003) (quoting *Haverstick Enters. v. Fin. Fed. Credit,* 32 F.3d 989, 992 n. 1 (6th Cir.1994)). Accordingly, the court lacks subject matter jurisdiction over the Southfield Police Department, and that defendant shall also be dismissed.

Plaintiff has also named the City of Southfield as a defendant. A city may be liable under § 1983 only when the injury is caused by the "execution of a government's policy or custom" under the Supreme Court's seminal decision in *Monell v. Department of Social Services*, 436 U.S. 658, 700-01 (1978). The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted). Plaintiff has failed to allege any unconstitutional custom or policy on the

part of the City of Southfield or its police department.  Accordingly, the City cannot be liable under § 1983, and the court lacks subject matter jurisdiction over that defendant.

Finally, the court considers whether it has subject matter jurisdiction over detective Tamar Eggleston of the City of Southfield Police Department.  Plaintiff's primary complaint against Detective Eggleston is as follows:

> A letter was provided on or about May-August of 2014 by the Defendant #3 Detective Tamara Eggleston who acted as a Character witness to support a friend the Plaintiff was suing in Small Claims 46th District Court on an unrelated case.  The letter mentioned the Defendant #3 position and included a business card from the Defendants #1.  The Defendant #3 and the Plaintiff were no longer friends and the letter clearly stated that fact and other unfounded accusations.  The Plaintiff was called an Opportunist and was accused of not returning money from a fellow Officer Shandera Dawson who has become the Executive Secretary of the Chief of Police in Southfield.  The Plaintiff contacted the Chief Hawkins to complain about the unethical actions of the Defendants #3 to act as a Character Witness when she is an Officer of the Court.  The letter was biased and a violation of the Plaintiff's Constitutional Right.

(Complaint, ¶ 4).  Although somewhat unintelligible, it appears that Plaintiff is accusing detective Eggleston of providing false character evidence against her in a small claims action.  This does not amount to state action.  Even if state action did exist, these facts do not give rise to a constitutional

- 4 -

violation in the absence of some invidious class-based discrimination which has not been pled.  Accordingly, the court lacks subject matter jurisdiction over detective Eggleston.    For the reasons set forth above, this court lacks subject matter jurisdiction over this matter and this action is DISMISSED WITH PREJUDICE.

Having found that the court lacks subject matter jurisdiction over this lawsuit, plaintiffs' request for a private meeting with the undersigned to discuss her belief that her cellular and computer are being hacked, evidence has been stolen or altered, and plaintiff cannot fairly represent herself (Doc. 8), plaintiff's request to withdraw her application to proceed *in forma pauperis* (Doc. 7), and plaintiff's request for an ex parte protective order to enjoin defendants from conducting surveillance against her (Doc. 10)  are DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated:  March 11, 2016

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on March 11, 2016, by electronic and/or ordinary mail and also on Sonjia Simpson-Gardner, 30575 Old Stream Street, Southfield, MI  48076.

s/Barbara Radke
Deputy Clerk